**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10387 |
| Plaintiff-Appellee, | D.C. No. 1:07-cr-00054-OWW-1 |
| v. | |
| ROGER KEITH REMY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted July 13, 2010
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.**

Roger Keith Remy appeals the district court's denial of his motion to

suppress and the calculation of his restitution amount. We have jurisdiction under

28 U.S.C. § 1291. The parties are familiar with the facts of the case, so we repeat

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

them here only to the extent necessary to explain our decision. We affirm the denial of the motion to suppress and reverse and remand for a proper determination of the amount of restitution.

Under *Miranda v. Arizona*, 384 U.S. 436 (1966), a suspect must be advised of his Fifth Amendment rights when "there has been such a restriction on a person's freedom as to render him 'in custody.'" *Stansbury v. California*, 511 U.S. 318 (1994) (some internal quotation marks omitted). The court must look to the totality of the circumstances that might "affect[ ] how a reasonable person in that position would perceive his or her freedom to leave." *Id.* at 322, 325. A district court's "in custody" determination is a "mixed question of law and fact warranting *de novo* review." *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). However, "[t]he factual findings underlying the district court's decision . . . are reviewed for clear error." *Id.*

Remy argues that the district court erred in denying his motion to suppress by finding that he was not in custody at the time that he made statements to investigators. The district court relied on the factors set forth in *United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008), i.e., "(1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the

2

suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made," while noting that ultimately the decision rested on the totality of the circumstances. The district court then determined that, under the totality of the circumstances (in-home questioning, Remy's telephonic contact with his wife during the interview, the presence of only two agents, the agents did not show their weapons, and a two hour interview), Remy was not in custody when he made the statements. We agree with that determination.

Remy also appeals the amount of the restitution that was set as part of his sentence. Remy argues that the presentence report did not comply with 18 U.S.C. § 3664(a), which requires "to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant."

The legality of a restitution order is reviewed de novo, unless it is within the statutory bounds, in which case we review for abuse of discretion. *See United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004). When the defendant fails to object to the restitution order in the district court, as in the present case, the order is reviewed for plain error. *See United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004).

The government acknowledges that it was plain error for the district court to issue a restitution order in the amount of $220,618. Because it is undisputed that the amount of restitution set by the district court is not accurate, a reversal and remand is necessary for a proper accounting in compliance with 18 U.S.C. § 3664(a). Accordingly, we vacate the restitution order and remand for reconsideration of the restitution amount.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**